BeNNett, Judge,
delivered the opinion of the court:
The question presented in this case is whether the Assistant Secretary of the Air Force for Manpower and Reserve Affairs acted arbitrarily and capriciously, and thus unlawfully, in rejecting certain recommendations of the Air Force Board for Correction of Military Records (hereinafter, the Correction Board) which were favorable to plaintiff and would have resulted in his promotion. We hold that the Assistant Secretary did not act arbitrarily, capriciously, or contrary to law. Therefore, his action cannot be set aside by the court. Plaintiff’s petition must be dismissed.[1]
Plaintiff is a retired Regular major in the United States Air Force with long and honorable active duty, beginning as a Reserve officer in 1948. Having been twice deferred for promotion to permanent lieutenant colonel, he was manda-torily retired on November 1, 1971, pursuant to 10 U.S.C. *5 § 8913. The second selection board which, on March 1, 1971, considered, but did not select plaintiff for promotion, had before it as part of plaintiff’s official record, his latest Officer Effectiveness Beport (OER) covering the period November 15, 1969 through November 14, 1970. Upon notification that he was to be mandatorily retired, plaintiff unsuccessfully sought, under the provision of AFR 31-11, to have the foregoing OER voided by the Officer Personnel Records Review Board. Then, on July 31,1971, he applied to the Correction Board for the following relief: (1) voidance of his most recent OER; (2) promotion to permanent lieutenant colonel effective July 9, 1971; (3) further promotion to the temporary grade of colonel; and (4) revocation of his mandatory retirement and restoration to active duty. The board held a hearing at which plaintiff made a personal appearance and was represented by counsel. For reasons discussed below, the Correction Board, in a decision on December 17, 1971, resolved in plaintiff’s favor “reasonable doubt” that plaintiff had been justly treated by the selection board of March 1, 1971. It recommended that plaintiff’s OER be voided, that plaintiff be restored to active duty, and that he be promoted to the rant of permanent lieutenant colonel. Only plaintiff’s requested further promotion to the temporary grade of colonel was rejected by the board.
The board’s recommendations were reviewed by the Assistant Secretary of the Air Force for Manpower and Reserve Affairs.[2] The Assistant Secretary, on February 21, 1972, rejected the board’s recommendations and denied plaintiff’s application because he found no error or injustice in the record. Plaintiff challenges the Assistant Secretary’s action by this suit filed February 13,1974.
The alleged error or injustice in this case is the rating received by plaintiff in that final OER. The OER required the rater to assess the officer’s “overall evaluation” and “promotion potential.” In the former category there were nine *6 choices, the highest three of which were in the following order of descent:
9 Absolutely superior.
8 Outstanding; almost never equaled.
7 Excellent; seldom equaled.
In the category of “promotion potential,” there were four choices, the highest three of which were:
4 Outstanding growth potential based on demonstrated performance; promote well ahead of contemporaries.
3 Demonstrates capability for increased responsibility; consider for advancement ahead of contemporaries.
2 Performing well in present grade; should be considered for promotion along with contemporaries.
Plaintiff was rated a 7-2.
The questioned OEB. contained two attached “letters of evaluation.” The letter by plaintiff’s TAC wing commander at McConnell AFB, Kansas, noted that Major Boyd had performed in “an extremely outstanding manner” as commander of his manpower management engineering detachment, that his leadership was “outstanding,” that he had engaged in various activities to improve himself, including completion of 24 hours of graduate education toward a master’s degree to be completed in December 1970, and recommended plaintiff for “immediate promotion to the grade of Lieutenant Colonel.”
The deputy base commander at McConnell AFB also spoke in glowing terms of plaintiff’s efficiency, his professionalism, his advanced educational efforts scheduled to result in a master’s degree in December 1970, initiatives beyond the boundaries of duty, and recommended that since he was “fully capable of assuming greater responsibilities compatible with the rank of lieutenant colonel [that he] should be promoted at the earliest date.”
The director of Manpower and Organization at TAC headquarters, Langley AFB, Virginia, was the rating officer. His statement said that under plaintiff’s leadership his detachment had functioned in an “excellent manner.” He recognized plaintiff’s self-improvement efforts and his public relations activities reflecting favorably upon the Air Force. The deputy chief of Plans, Langley AFB, while stating that *7 he had not personally observed plaintiff’s duty performance, indicated he was aware of plaintiff’s efforts at McConnell AFB and endorsed and concurred in the comments and evaluation of the rating officer.
Neither the rater nor the deputy chief of Plans at Langley AFB had directly supervised plaintiff during the period covered by the OEB. Plaintiff was stationed at McConnell AFB in Kansas, while the rater and the deputy chief were at Langley AFB, Virginia. It appears that neither visited McConnell AFB during the period in question. Such a circumstance, however, is anticipated. AFM 36-10 (C3), para. 5-9 (1968), provides that where the rater is unable directly to supervise the officer to be rated, he should obtain evaluation letters from the official most familiar with the performance of the officer who is rated. This was done in the instant case by the two evaluation letters from McConnell AFB made a part of the OEB..
The heart of plaintiff’s argument, and the basis for the Correction Board’s favorable recommendations, is that the 7-2 rating received by plaintiff is allegedly inconsistent with the rater’s own comments and with the letters of evaluation written by plaintiff’s immediate supervisors at the McConnell AFB. The Assistant Secretary, in rejecting the board’s recommendations, found no inconsistencies and further stated that any inconsistency between the OEB and the evaluation letters would not in any event provide a basis for voiding the OEB. Before considering the alleged inconsistencies, we should first recall the standard by which we review the Assistant Secretary’s decision.
Pursuant to 10 U.S.C. § 1552, the Secretary, “under procedures established by him,” and “acting through boards of civilians of the executive part of that military department,” may correct a military record “when he considers it necessary to correct an error or remove an injustice.” It is clear from the statute that the Secretary’s decision is a discretionary one. The statute is implemented by AFB 31-3, para. 22 (1970), which states:
22. Action by the Secretary of the Air Force. The record of the Board’s proceedings will be forwarded to the Secretary of the Air Force who will direct such action in each case as he determines to be appropriate, *8 which, may include the return of the record to the Board for further consideration when deemed necessary.
It is thus seen that whereas the Secretary in correcting a military record is to act through a board of civilians, as required by statute, he has by regulation authorized by the statute retained the authority to take such final action on board recommendations as he determines to be appropriate. The regulation is thus not in conflict with the statute. Moreover, another statute, 10 U.S.C. § 8012, gives to the Secretary of the Air Force complete responsibility for conducting all affairs of his department. That section gives to the Secretary authority to delegate his powers to assistant secretaries. Further it states in subsection (e) as follows:
(e)The Secretary, as he considers appropriate, may assign, detail, and prescribe the duties of the members of the Air Force and civilian personnel of the Department of the Air Force.
We consider this sufficient also to encompass the board of civilians constituting the Air Force Board for the Correction of Military Becords. Air Force Order 100.1 assigned to the Assistant Secretary for Manpower and Reserve Affairs the authority to act with the authority of the Secretary in matters of manpower and organization, formulation, review and execution of plans, policies and programs relating thereto, and including the Air Force Board for Correction of Military Records. We adhere to the view expressed in Proper v. United States, 139 Ct. Cl. 511, 154 F. Supp. 317 (1957), that when he acts to correct a military record (he did not correct one here) it should be through the board. Because of the board’s broad authority, its recommendations are entitled to considerable respect. But, as we said in Proper, supra, 139 Ct. Cl. at 526, 154 F. Supp. at 326, “we do not suggest that the Secretary may not overrule the recommendations of the Correction Board where the findings of that Board aré not justified by the record on which the findings were made.” Accord, Mercereau v. United States, 155 Ct. Cl. 157 (1961).
The court, in turn, may reject the decision of a Secretary only if he has exercised his discretion arbitrarily, capriciously, in bad faith, contrary to substantial evidence, or where he has gone outside the board record, or fails to ex *9 plain Ms actions, or violates applicable law or regulations. Then we will not hesitate to set him right. Weiss v. United States, 187 Ct. Cl. 1, 5, 408 F. 2d 416, 418 (1969); Hertzog v. United States, 167 Ct. Cl. 377, 383 (1964); Eicks v. United States, 145 Ct. Cl. 522, 527, 172 F. Supp. 445, 448 (1959); Proper v. United States, supra, 139 Ct. Cl. at 526, 154 F. Supp. at 326. A decision which is contrary to all evidence would clearly be arbitrary. Betts v. United States, 145 Ct. Cl. 530, 535, 172 F. Supp. 450, 453 (1959).
Short of such decisional errors, the Assistant Secretary’s discretion is not to be interfered with lightly, especially in view of the courts’ traditional reluctance to involve themselves in internal affairs of the military, in which they have little or no special competence and less responsibility. Orloff v. Willoughby, 345 U.S. 83, 94 (1953); Mindes v. Seaman, 453 F. 2d 197 (1971). The Secretary and selection boards appointed pursuant to his authority, 10 U.S.C. § 8297, are presumed to perform fairly and lawfully in absence of clear and persuasive evidence to the contrary. Cooper v. United States, 203 Ct. Cl. 300 (1973); Brenner v. United States, 202 Ct. Cl. 678, 685-86, 692, 696 (1973), cert. denied, 419 U.S. 831 (1974). The Secretary found no such evidence to vitiate the selection board decision in the record before the Correction Board or in the rationale of that board’s conclusions and recommendations.
The Assistant Secretary’s finding that plaintiff’s 7-2 rating was consistent with the rater’s written comments or “word picture” is unassailable. The “overall evaluation” of a “7” means “excellent, seldom equaled”; the rater describes the functioning of the 4500th Support Squadron (TAC), under plaintiff’s leadership, as “excellent.” Thus, even the same adjective is used. With regard to “promotion potential” plaintiff was rated as a “2,” meaning “performing :well in present grade; should be considered for promotion along with contemporaries.” No disparity is shown between the rater’s laudatory comments and such a rating.
The alleged inconsistency between the OEB, and the letters of evaluation is a weightier argument, but we are not prepared to reverse the Assistant Secretary’s decision that such inconsistency did not exist, or if it did exist, it *10 would be a bad precedent and contrary to bis policy that forbids letters of evaluation by local commanders from being binding on the rating officer and thus guaranteeing promotion regardless of all other factors the rating officer must consider on a broader basis. The evaluation letters referred to plaintiff as “outstanding,” while the OER rated plaintiff as “excellent, seldom equaled.” As the Assistant Secretary pointed out, the rating “excellent, seldom equaled” is further defined in AFM 36-10 (C2), para. 6.5 (1968), to mean an “officer whose exceptional performance is worthy of special notice. He must perform most aspects of his job in an outstanding manner.” The next higher rating (an “8”) is defined as follows:
(8) Outstanding, Almost Never Equaled. Rating in this box must be reserved for those very few officers, whose performance, initiative, leadership, and personality set them apart as having the potential for high staff or command assignments. [Emphasis supplied.]
Plaintiff’s endorsements did not suggest plaintiff had the potential for such command. It may be seen, therefore, that plaintiff’s rating of “7” (“perform[s] most aspects of his job hr an outstanding manner”) cannot be found clearly inconsistent with his evaluation as “outstanding” by his base commanders. Nor can it be said that plaintiff was clearly entitled to higher rating or promotion just because he was recommended for it by his base commanders. As the Secretary said, that “would be to hold that the local commanders may usurp the assigned function of the rater, and that would be to pervert the OER system.”
The Assistant Secretary acted within his discretion, as well, when he failed to find a discrepancy between the rater’s recommendation that plaintiff be promoted along with his contemporaries and the evaluation letters which recommended promotion “at the earliest date” or “immediate promotion.” As was pointed out by the Secretary, immediate promotion in the circumstances of this case would have been promotion with contemporaries. Furthermore, the Assistant Secretary stressed that the rater is the only official with the responsibility and opportunity to compare plaintiff with other officers. For instance, if all majors ware recommended *11 for promotion, or more were recommended than authorized for appointment, the rater must attempt to ascertain which are best qualified. This comparisonípinction of the rater applies equally, of course, to plaintiff’s' “overall evaluation” discussed above.[3] Under the Air Force-Manual 36-10, para. 6-5 (1967), the rating officer is charged with making “each judgment * * * only in comparison with other officers serving in the same grade at the time the report is made.” The Assistant Secretary’s decision stated,; in part:
* * * And as the TAC Officer Evaluation Report Review Board noted, the rater was well qualified in the manpower field and was obviously better qualified to evaluate the applicant in his primary responsibility, manpower-management, than the local commanders; he was in a position to compare the effectiveness of the unit under the applicant’s leadership with other manpower detachments throughout TAG and to know how the applicant responded to TAC requirements. * * * the rater had comparative performance information available to him which the local commanders did not * * * which could well account for any shadings of difference in the evaluations.
The Secretary, however, found no significant disagreements between the rater’s evaluation and the letters of evaluation which required explanation or justification, and neither do we.
It follows that since the Assistant Secretary acted with reasonable discretion in upholding the validity of the OER, he was acting properly and within his statutory authority in rejecting the Correction Board’s recommendations that plaintiff be promoted to lieutenant colonel and restored to active duty. Since there is no basis for voiding the OER, there is no basis for agreement with the Correction Board *12 in overriding the selection board’s action in not selecting plaintiff for promotion. It might be noted that even had the OER been voided, or had plaintiff been rated more highly, there was no assurance that plaintiff would have been promoted. The function of the Secretary and of a selection board as to appointments and promotions is discretionary and their actions cannot be presumed. Cooper v. United States, supra; Clinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970). At least five selection boards at one time or another had deferred plaintiff for promotion although at one time a board had before it the three highest ratings plaintiff had received in his military career — 8-4, 8-3, and 8-3.
The fact that plaintiff has been passed over signifies no disrespect to him. His military record appears, from all the papers before us, to have been exemplary in every respect. Numerous worthy and qualified officers are passed over annually and never reach the top in their profession. They may be qualified but — in the judgment of the Secretary and the selection board vested with discretionary authority to make the promotions — may not be the best qualified of those available for the limited number of positions. The same problem can be said to. confront other ambitious professional people. There are fewer rungs as one climbs toward the top of the achievement ladder. Not only are manpower requirements a factor but appropriations also sometimes have a bearing on availability of opportunities in the Government service. We have not been shown here that any officer with a record comparable to plaintiff’s was promoted ahead of him. There is no showing of bias or prejudice here which might suggest an error or injustice in selection board proceedings. Indeed, we note in passing that the Secretary on two prior occasions — in 1968 and in 1970 — did sustain the Correction Board recommendations to correct plaintiff’s OER’s. This tends to show that where justified by the evidence plaintiff has been granted relief administratively and that he has not been singled out by the Secretary for unfavorable treatment.
; The Correction Board’s conclusion in plaintiff’s favor, based entirely on what it described as “reasonable doubt whether he did in fact receive a just and equitable considera *13 tion by tbe permanent lieutenant colonel selection board” does not withstand the contrary analysis and conclusion made in good faith, within the law, and without arbitrariness or caprice by the Assistant Secretary in the present case. To change a record upon such a tenuous basis would be without support in law, unjustified, and unfair to others who in all probability have been passed over with qualifications similar, or superior, to plaintiff’s. In sum, we cannot find upon careful examination of the considerable record in this case, that the Assistant Secretary acted unlawfully in rejecting assertions of alleged inconsistencies in plaintiff’s OEE and lack of support for it in the letters of evaluation, and in refusing to reinstate or to promote plaintiff contrary to selection board determination. We cannot predicate a judgment here based on a mere nuance as to a rating, which is a debatable one at best. Eatings and promotions are discretionary matters with which the court will continue to be “scrupulous not to intervene” unless clear error is shown or relief is mandated by law or regulation. Orloff v. Willoughby, supra, at 94; Yee v. United States, 206 Ct. Cl. 388, 512 F. 2d 1383 (1975); Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973). There is no legal basis for any of plaintiff’s claims.
Defendant’s motions to dismiss and for summary judgment are granted. Plaintiff’s cross-motion for summary judgment is denied. The petition is dismissed.

 Plaintiff’s petition named the Secretary of Defense and the Secretary of the Air Force as defendants, in addition to the United States. As plaintiff conceded in oral argument, those named individuals are not proper defendants in this action. Plaintiff’s petition is therefore dismissed as to those individuals at the outset. This court can enter judgments only against the United States. 28 U.S.C. § 1491; National Cored Forgings Co. v. United States, 126 Ct. Cl. 250, 256, 115 F. Supp. 469, 473 (1953).

 Pursuant to 10 U.S.C. § 1552, the Secretary -was authorized, under procedures established by him, to act upon the recommendations of the Correction Board. The Secretary delegated this function to the Assistant Secretary by AH' Order 100.1 of August 1, 1969, and by a later order dated April 17,1972.

 An inconsistency between the evaluation letters and the OER is suggested by plaintiff. The letters noted that plaintiff’s application for a master’s degree had been approved for December 1970 completion. The OER, on the other hand, stated only that plaintiff had completed 22 hours towards his master’s degree. If there is any inconsistency here, it is de minimis. Plaintiff had not qualified for his degree during the period covered by the OER. Furthermore, plaintiff had the right to notify the selection board of the fact that he had attained the degree. 10 U.S.C. § 8297(e). The board met on March 1, 1971. The court record does not show when the degree was actually awarded, but the potential award was in the rater’s knowledge, noted by him, and thus before the selection board.