Milita/iy fay; correction of military records; discretion of Air Force Secretary; nonselection for fromotion. — On September 30,1976 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and KuNzig, Judges. ■ • ' .
“This case comes .before .the court on .defendant’s motion for- summary judgment, filed November 10, 1975. There is no genuine issue as to .any material fact.
■ “Plaintiff, Daniel S.. Carlin,, a twice deferred officer, is suing to have his military record changed to reflect promotion *322 to temporary and permanent major as well as for the difference in pay between captain and major from the date he allegedly would have been promoted to the date of judgment.. Plaintiff alleges that the failure of the Air Force Board for the Correction of Military Records (AFBCMR) and the Secretary of the Air Force’s designee, the Acting Assistant Secretary for Manpower and Reserve Affairs (Assistant Secretary), to promote him to temporary and permanent major and the removal from his record of only one non-selection to permanent major were arbitrary and capricious.
“The statutory authority creating boards for the correction of military records is 10 U.S.C. §1552 (1970). It is clear from the statute as well as the cases decided thereunder that the Secretary’s decision to correct any military record is a discretionary one. See Boyd v. United States, 207 Ct. Cl. 1 (1975), cert. denied, 424 U.S. 911 (1976). The authority of the Secretary to approve or disapprove AFBCMR recommendations is delegated to the Assistant Secretary pursuant to 10 U.S.C. § 8012(c) (1970) and Air Force Order 100.1 (1972).
“Plaintiff questions the authority of the Acting Assistant Secretary to act contending that 5 U.S.C. § 3348 (1970) limited his detail as Acting Assistant Secretary to 30 days and his action occurred after that, period. Defendant states that the 30-day limitation does not apply because the Acting Assistant Secretary was detailed by the 'Secretary of the Air Force pursuant to 10 U.S.C. § 8012(e) (1970), which does not contain a time limitation. Based on 19 Op. Att’y Gen. 503 (1890) and 28 Op. Att’y Gen. 95 (1909), it is our conclusion that since the Assistant Secretary is not one whose appointment was specifically provided for by statute, the Acting Assistant Secretary was not authorized to perform the duties of his superior under 5 U.S.C. § 3346 (1970). Therefore, § 3348 does not affect the case.
“This court has recognized that the Secretary may overrule findings of the Board when they.are not justified by the record upon which they are made. See Proper v. United States, 139 Ct. Cl. 511, 154 F. Supp. 317 (1957), and Boyd v. United States, supra. In voiding plaintiff’s challenged OER’s and removing from his record two passovers for selection to *323 temporary major and one for selection to permanent major, the AFBCME and the Secretary have provided plaintiff with all the relief warranted by his record. Absent a clear showing by the plaintiff that the Secretary’s action was arbitrary or capricious, the Secretary’s decision will not be reversed by this court.
“As far as plaintiff’s allegations that the decision by the AFBCME not to promote him was arbitrary and capricious are concerned, for the same reasons that the decision of the Secretary was not arbitrary and capricious, we conclude that the decision of the AFBCME was not arbitrary and capricious. We also note that, as in the case of the Secretary’s decision, absent an allegation and proof of arbitrary action, the plaintiff is bound by an approved decision of the AFBCME. See Bowman v. United States, 142 Ct. Cl. 367 (1958); Nealon v. United States, 175 Ct. Cl. 894, cert. denied, 385 U.S. 973 (1966); and Unterberg v. United States, 188 Ct. Cl. 994, 412 F. 2d 1341 (1969).
“In any event, inasmuch as plaintiff requests promotion, he must be denied the relief he seeks since this court and other federal courts have frequently held that they will not promote military officers. See Brenner v. United States, 202 Ct. Cl. 678 (1973), cert. denied, 419 U.S. 831 (1974); Norman v. United States, 183 Ct. Cl. 41, 392 F. 2d 255 (1968), cert. denied, 393 U.S. 1018 (1969); Reaves v. Ainsworth, 219 U.S. 296 (1911) ; Orloff v. Willoughby, 345 U.S. 83 (1953) ; Arnheiter v. Chafee, 435 F. 2d 691 (9th Cir. 1970).
“With regard to plaintiff’s assertions that the action of the AFBCME in removing only one passover to permanent major constitutes proof of arbitrary and capricious conduct, 10 U.S.C. § 1552 (1970) permits the Secretary to Correct a military record when he considers it necessary to correct an error or remove an injustice. Neither the statute nor the implementing regulation, Air Force Eegulation 31-3 (1970), requires a wholesale restructuring of an applicant’s records to achieve the removal of an injustice, but, rather, the statute permite an adequate correction to ensure that the injustice is removed. In this case, the AFBCME determined that the injustice wrought by the OEE’s it removed could be rectified *324 by enabling the plaintiff to compete for selection without the damaging OEE’s on one more occasion.
“As far as plaintiff’s reliance on Yee v. United States, 206 Ct. Cl. 388, 512 F. 2d 1383 (1975), is concerned, no compelling circumstances exist in the instant case which warrant plaintiff’s promotion. Moreover, this case is distinguishable from Tee in several respects. First of all,, the OEE’s that were subsequently removed from plaintiff’s file, covered periods between 1962 and 1965. Plaintiff received additional OEE’s between that time and the time that he resigned. Also, appropriate forms-were placed in plaintiff’s file (AF. 77-A’s) to show that the OEE’s had been removed by Board action. As far as. the absence of OEE’s during the period .1971 to 1974 is concerned, plaintiff was serving as an enlisted.man, thus he could not have received any OEE’s as an offiqer. Thus, since there was an .adequate explanation, for the voids in plaintiff’s record, the court’s decision in Yee, supra, is not applicable to the instant case. For the above reasons,
“it is ordered that defendant’s motion for summary judgment is granted and the petitionis dismissed.”
Plaintiff’s motion for rehearing was denied January 5, 1977.