This case is before the court on plaintiffs and defendant’s cross motions for summary judgment. After careful consideration of the parties’ submissions, and after hearing oral argument of counsel, we allow the defendant’s motion and deny the plaintiffs.
On July 13, 1971, Laurence Zambanini, the plaintiff, enlisted in the Navy for 4 years. He reported for active duty aboard the U.S.S. Oriskany in May 1972 as a Fireman Apprentice. During August 1972, while the ship was at Yokosuka, Japan, plaintiff took unauthorized leave on three separate occasions. While on unauthorized leave, plaintiff became acquainted with two Americans residing in *557 Yokosuka, Brian Victoria and John D. Hedges. He attended anti-American rallies with them and spoke at these rallies. Plaintiff was arrested and confined to quarters aboard the Oriskany. Subsequently, plaintiff again left the ship without permission and as a result missed its departure from Yokosuka. He was finally arrested in Tokyo, charged with violations of the Uniform Code of Military Justice, and ordered to stand trial before a special court-martial.
Plaintiff was provided with military counsel and allowed to select his own civilian counsel. He chose John D. Hedges as his civilian counsel. After consultation with both counsel, plaintiff executed a request for undesirable discharge in lieu of court-martial and signed a statement indicating his satisfaction with the advice provided by counsel. Plaintiffs administrative discharge was pursuant to Article 3420270 of the Bureau of Naval Personnel Manual. Plaintiff was discharged from service on October 4,1972.
In 1974, plaintiff requested review of his discharge by the Navy Discharge Review Board. The board found that his status should remain unchanged. Plaintiff then petitioned the Board for Correction of Naval Records (BCNR) for review. The BCNR denied his request for relief on May 5, 1976. In September 1977, pursuant to 10 U.S.C. § 1552, plaintiff requested correction of his naval records by the Secretary of the Navy. In accordance with procedures, the request was forwarded to the BCNR. In addition, plaintiff also petitioned the BCNR for a reconsideration of its previous decision.
On October 3, 1978, plaintiff filed a petition with this court requesting his undesirable discharge be voided, an honorable discharge be granted nunc pro tunc, and he be awarded back pay and benefits from October 5, 1972, through the expiration of his enlistment. Proceedings in this court were suspended pending final action by the BCNR. On July 18, 1980, the BCNR recommended to the Secretary of the Navy that there be no change made in plaintiffs record. The Secretary approved this recommendation on July 25,1980. Plaintiff is now again seeking relief from this court.
Defendant has raised several arguments concerning this court’s jurisdiction to hear plaintiffs claim. First, defen *558 dant contends that an Article 3420270 administrative discharge is analogous to a plea bargain and is therefore the equivalent of a final and conclusive decision by court-martial under 10 U.S.C. §876 and not appealable. We do not agree. 10 U.S.C. § 876 provides:
The appellate review of records of trial provided by this chapter, the proceedings, findings, and sentences of courts-martial as approved, reviewed, or affirmed as required by this chapter, and all dismissals and discharges carried into execution under sentences by courts-martial following approval, review, or affirmation as required by this chapter, are final and conclusive. Orders publishing the proceedings of courts-martial and all action taken pursuant to those proceedings are binding upon all departments, courts, agencies, and officers of the United States, * * *.
The literal language of § 876 requires a sentence by a court-martial. The administrative discharge plaintiff received does not fall within that requirement.
Second, the defendant argues that plaintiffs claims are for entrapment and misrepresentation and as such are tort claims. We find plaintiffs claims encompass other issues. Further, to the extent the BCNR decided plaintiffs claims, we have jurisdiction to review the BCNR decision. 28 U.S.C. § 1491.
Our standard of review of the BCNR decision is a limited one. A board decision must be upheld unless the plaintiff
can meet the difficult standard of proof that the Correction Board’s decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due. See, e.g., Skinner v. United States, [219 Ct. Cl. 322, 594 F. 2d 824 (1979)]; Boyd v. United States, 207 Ct. Cl. 1 (1975), cert. denied, 424 U. S. 911 (1976); Cooper v. United States, 203 Ct. Cl. 300, 304 (1973).
Sanders v. United States, 219 Ct. Cl. 285, 298, 594 F. 2d 804, 811 (1979).
We find the plaintiff has not met this standard of proof. The board was correct in holding Article 3420270 was not *559 invalid, improperly promulgated, or in contravention of 10 U.S.C. § 1169. As the BCNR said:
the Uniform Code of Military Justice * * * is a criminal statute dealing [with] the administration of discipline within the armed forces of the United States. It has nothing whatsoever to do with the administrative separation of personnel from the military. Accordingly the Board finds that the regulations relating to separation of Petitioner do not contravene the Code-as the decision to prosecute or otherwise dispose of infractions is solely within the sound discretion of the commander. To elect not to prosecute cannot be said to contravene the Code. As to the fact that the regulation was not published in the Federal Register or the Code of Federal Regulations the Board notes that even assuming that publication was required, such publication was designed to give notice of the regulation. In this case Petitioner had actual notice of the regulation and type of discharge which is authorized. The Board therefore finds that Petitioner has not suffered any prejudice as a result of the lack of publication. The Board also finds that the action of the Chief of Naval Personnel was in promulgating the regulations an administrative act implementing the action of the Secretary. This was a ministerial act on the part of the Chief of Naval Personnel and was not an act which in effect legislated for the Congress. Accordingly the Board finds that this action was not an improper delegation of the authority of the Secretary and that this contention is invalid. Petitioner’s contention that his discharge was in violation of 10 USC 1169 is also invalid since it rests upon Petitioner’s arguments that the action taken by the Chief of Naval Personnel was legislative in nature. No relief is therefore warranted under this contention.
The BCNR found plaintiffs request for an administrative discharge was not procured by ineffective counsel or duress. We hold this finding was not arbitrary or capricious. Article 3420270 of the Bureau of Naval Personnel Manual specifically entitled plaintiff to be assigned military counsel and in addition gave him the right to select civilian counsel. In accordance with this provision, plaintiff was assigned Lt. Dan E. Dennis as military counsel and selected John Hedges as his civilian counsel. Plaintiff contends there was a conflict of interest between John Hedges and himself resulting in ineffective assistance of counsel. There was *560 simply no evidence other than plaintiffs counsel’s speculation that Brian Victoria and John Hedges were U. S. intelligence agents who entrapped the plaintiff. Plaintiff had not only John Hedges as counsel but had fully qualified military counsel as well. John Hedges was not assigned to plaintiff but was plaintiffs attorney of choice. There is no evidence John Hedges acted against plaintiffs interest. Plaintiff simply made a choice between a court-martial and an administrative discharge. Although he may now feel he made the wrong choice, he is not free to change his mind at this late date. See Weir v. United States, 200 Ct. Cl. 501, 474 F. 2d 617, cert. denied, 414 U. S. 1066 (1973).
We have considered all of plaintiffs other arguments and find them to be of no merit.
it is therefore ordered that defendant’s motion for summary judgment be and is hereby allowed. Plaintiffs motion for summary judgment and for discovery is hereby denied. The petition is hereby dismissed.