30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert A. PRINCE, Plaintiff-Appellant,
v.
SECRETARY OF THE AIR FORCE, Defendant-Appellee.
 No. 93-2306.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 12, 1994.
Decided: July 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-93-485-A)
 Guy James Ferrante, King & Everhard, P.C., Falls Church, Virginia, for Appellant.
 Major Carla Sue Walgenbach, Air Force Legal Services Agency, Arlington, Virginia, for Appellee.
 Helen F. Fahey, United States Attorney, Rachel C. Ballow, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Colonel Robert A. Prince appeals the district court's dismissal by summary judgment of his challenge to an adverse decision by the Air Force Board for Correction of Military Records (AFBCMR). Because the AFBCMR's decision to deny Prince's request to correct his record was not arbitrary and capricious, we affirm.
 
 
 2
 * Colonel Prince retired from the United States Air Force in 1970. While Prince held the rank of colonel, the Air Force considered him for promotion to brigadier general. For reasons to be discussed below, Prince was never promoted.
 
 
 3
 Sometime in 1991, Prince learned of an investigation by the Committee on Armed Services of the United States Senate (Committee) into the Air Force's promotion practices. The information revealed by the investigation was included in Senate Report 102-482, Report on the Conduct of Proceedings for the Selection of Officers for Promotion in the U.S. Air Force, 102d Cong., 2d Sess. (October 8, 1992) (Senate Report).
 
 
 4
 The Senate Report revealed that as late as the end of the 1980's, the Air Force had not promulgated regulations governing promoting officers from colonel to brigadier general. In place of sanctioned regulations, the Air Force used an unsanctioned preselection process that kept approximately ninety percent of the officers eligible for promotion from being considered by the official selection board. The preselection process involved the convening of an Initial and Headquarters Screening Board at local levels. The Initial Board could forward fifteen percent of the total names it had screened. From these fifteen percent, the Headquarters Board forwarded ten percent to the official selection board. With this system in place, it was possible that a colonel eligible for promotion could be eliminated at the prescreening phase although he was better qualified than another eligible candidate who was evaluated elsewhere.
 
 
 5
 In addition to the prescreening boards, high ranking Air Force officials gave to selection board members priority lists, which contained the names of those officers the officials wanted to have promoted. The lists contained names only; no evaluation factors were included.
 
 
 6
 The Senate Report further revealed that the Air Force used the Air Force Form 706 or the "closed form" evaluation. This form contained information, provided by the candidate's superiors, concerning the candidate's promotability. The information contained within the form could not be disclosed to the candidate. In the Senate Report, the Committee held that having a candidate compete based on information he was unaware of was unfair.
 
 
 7
 On April 7, 1992, in response to the Senate Report, Prince submitted an application to the AFBCMR, requesting the board to recommend that he be promoted retroactively from colonel to brigadier general and that he be given back pay for the salary differential. Prince alleged that in 1969, he had been denied legally sufficient promotion consideration because his record had not been reviewed by the official selection board.
 
 
 8
 As a result of Prince's application, the AFBCMR asked the Air Force Headquarters for an advisory opinion as to whether Prince had in fact been denied proper consideration in 1969. Headquarters opined that Prince had received proper promotion consideration, stating the Senate Report only addressed practices in existence in the late 1980's and that "the promotion procedures used by the Air Force in 1969 were in compliance with all laws then in effect." (J.A. 38.) Based on the advisory opinion, the AFBCMR denied Prince's application.
 
 
 9
 Prince requested reconsideration, stressing the information revealed by the Senate Report. The AFBCMR again denied Prince's application. On April 13, 1993, Prince filed suit in the United States District Court for the Eastern District of Virginia. The district court granted the Air Force's motion for summary judgment, ruling that the AFBCMR's decision was "rational based upon the appropriate factors and evidence." (J.A. 10-11.) This appeal followed.
 
 II
 
 10
 In 1969, the statute governing promoting eligible candidates from colonel to brigadier general in pertinent part provided: "Under the regulations to be prescribed by the Secretary, appointments made under this subsection shall be made on a fair and equitable bases. Selections shall be based upon ability and efficiency with regard being given to seniority and age." 10 U.S.C.Sec. 8442(c) (repealed 1980).
 
 
 11
 It is presumed that "administrators of the military like other public officers discharge their duties correctly, lawfully, and in good faith." Sanders v. United States, 594 F.2d 804, 813 (Ct. Cl.1979). More specifically, the Secretary of the Air Force is "presumed to perform fairly and lawfully in absence of clear and persuasive evidence to the contrary." Boyd v. United States, 207 Ct. Cl. 1, 9 (1975), cert. denied, 424 U.S. 911 (1976).
 
 
 12
 Prince submits that the Air Force's unsanctioned promotion practices, as espoused in the Senate Report, deprived him of fair and equitable promotion consideration in 1969. In response to this allegation, the Air Force asserts that the practices in place in 1969 were in accordance with the law and that since no one with a lower grade than Prince was promoted in 1969, the promotion practices did not harm Prince.
 
 
 13
 The Air Force's argument is persuasive, but Prince's claim fails for another reason. Prince bases his entire claim upon the findings made in the Senate Report. The Senate Report itself states that the investigation focused on the policies and practices in effect during the late 1980's. Of the practices Prince complains of, the Senate Report stated that only priority lists were known to have been in effect in the mid 1960's. Aside from this preselection factor, Prince offers no evidence that the policies and practices discussed in the Senate Report were in effect in 1969 or that if they were in effect, they would have been illegal or unfair and inequitable at that time.
 
 
 14
 Although the structure of the system in place in 1969 may not have been the most fair or the most equitable possible, Prince has not rebutted the presumption that the Secretary of the Air Force performed his duty regarding promotion in 1969 fairly and lawfully.
 
 
 15
 For the reasons stated, we affirm the district court's decision granting summary judgment against Prince.
 
 
 16
 AFFIRMED.