Antonio J. **GONZALEZ** Plaintiff,

v.

**U.S. DEPARTMENT OF STATE, and Colin Powell Defendants.**

No. CIV.A. 00–2130 (ESH).

United States District Court, District of Columbia.

March 23, 2001.

William T. Irelan, Washington, DC, for Plaintiffs.

Jennifer U. Toth, Special Assistant U.S. Attorney, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

HUVELLE, District Judge.

Before the Court is Defendants' Motion for Summary Judgment on Count One and Motion to Dismiss Counts Two and Three, Plaintiff's Motion for Summary Judgment on All Counts, Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Defendants' Opposition to Plaintiff's Motion for Summary Judgment on All Counts and Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, and Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment. Having considered the pleadings and the entire record herein, the Court concludes that Counts II and III should be dismissed and that defendants are entitled to summary judgment on Count I. Accordingly, defendants' motion is granted and plaintiff's motion is denied.

## BACKGROUND

### I. Statutory Background

Every year members of the Foreign Service are evaluated by their supervisors in Employee Evaluation Reports (EER). Employees are then competitively evaluated by a separate Selection Board, which makes recommendations regarding promotions and salary increases and designates individuals who may not be meeting the standards of their class. 22 U.S.C. §§ 4001, 4008 (2000). Individuals designated as not meeting standards are re-

ferred to a Performance Standards Board (PSB) for further review. The PSB determines whether an employee should be separated or mandatorily retired from the Foreign Service for failure to meet performance standards. 22 U.S.C. § 4008(b). ,

The Foreign Service Act provides a grievance procedure for employees who wish to seek review of the PSB's decision to separate them from the Foreign Service. 22 U.S.C. §§ 4131–4140. Initially, grievances are made to the agency; however, individuals may seek review of agency denials of their grievances by the Foreign Service Grievance Board (FSGB). 22 U.S.C. § 4134. The decision of the FSGB constitutes a final agency action for purposes of judicial review under the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.* (2000). A grievant may seek judicial review of the FSGB's decision in district court within 180 days of the Board's final action, unless the grievance involves a claim of discrimination, in which case, the grievant must seek judicial review within 90 days of the Board's final action. 22 U.S.C. § 4140.

## II. Factual Background

Antonio Gonzalez, a commissioned class FS–05 Foreign Service Officer at the State Department, worked in the communications offices of several American embassies from 1985 through 2000. In 1997, a PSB recommended that Mr. Gonzalez be separated from the Foreign Service. In support of this decision, the PSB cited twelve EERs received by Mr. Gonzalez over the preceding ten years. These EERs included comments on areas where Mr. Gonzalez could improve his performance, including neatness, interpersonal relationships, organization, and initiative.

Mr. Gonzalez filed a grievance on March 29, 1998, in which he claimed that information in his 1994 EER and 1996 EER [1] was falsely prejudicial and erroneous and that he was treated unequally because at least one member of the PSB should have been an African–American. Mr. Gonzalez requested that the allegedly inaccurate information in these EERs be expunged and that the separation order be canceled. On January 4, 1999, the agency denied Mr. Gonzalez's grievance. Mr. Gonzalez then appealed the agency denial to the FSGB on March 12, 1999. The FSGB issued its final decision denying the grievance appeal on April 19, 2000. On September 5, 2000, Mr. Gonzalez filed this action for judicial review of the FSGB's decision.

## LEGAL ANALYSIS

### I. Legal Standard

 Plaintiff's complaint involves a challenge to a final administrative action. Therefore, the Court's review is limited to the administrative record. *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). While summary judgment is an appropriate procedure for resolving a challenge to a final administrative action, the Court does not employ the standard of review set forth in Fed. R.Civ.P. 56; rather, the standard of review as prescribed by the relevant statute and the APA. *Fund for Animals v. Babbitt,* 903 F.Supp. 96, 105 (D.D.C.1995).

 Section 1110 of the Foreign Service · Act of 1980, 22 U.S.C. § 4140, provides for judicial review of final decisions of the FSGB in federal district court in accordance with the APA. Under § 706(2) of the APA, the decision of the

---

1. Plaintiff does not mention the 1996 EER in his complaint to this Court. Therefore, that EER is not considered here. Plaintiff also filed a racial discrimination grievance before the FSGB, but has not raised that claim on appeal.

FSGB will not be set aside unless it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *United States v. Paddack*, 825 F.2d 504, 513 (D.C.Cir.1987) (internal citations omitted). A court is not empowered to "substitute its judgment" for that of the Board, but the court is required to give the Board's decision "a thorough, probing, in-depth review." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). Congress' decision to restrict the court's review to such a deferential standard reflects a legislative judgment that "the Board's familiarity with the foreign service ought to be respected by the judiciary." *Paddack*, 825 F.2d at 514.

### A. Motion to Dismiss: Count II.

In Count II, plaintiff seeks judicial review of the FSGB's denial of his grievance regarding the PSB's failure to include an African–American. In his grievance to the FSGB, Mr. Gonzalez claimed that the PSB assigned to his case should have included an African–American in order to be consistent with the consent decree in *Thomas v. Christopher*, CA No. 86–2850 (D.D.C. Mar.22, 1996). (A.R.25.) Mr. Gonzalez asserted that, while the consent decree did not directly affect him because he is not a Foreign Service generalist and thus is not a member of the class in that case, the Council on Equality in the Workplace had extended the consent decree to cover Foreign Service specialists, like Mr. Gonzalez. *Id.* The FSGB denied this portion of Mr. Gonzalez's claim, concluding that the Council on Equality had not expanded the consent decree, and therefore, Mr. Gonzalez was not entitled to the protections afforded to class members by the consent decree. (A.R.5–6.) The FSGB's decision in the matter constituted a final agency action, and therefore, it is subject to judicial review under § 4140(a).

Defendants claim that Count II constitutes a claim under Title VII of the Civil Rights Act of 1964, and is therefore untimely filed. Section 4140(b)(2) provides that grievances based upon claims of discrimination under Title VII are subject to judicial review "only if such party commences a civil action, not later than 90 days after such party receives notice of the final action of the Secretary or the Board, in an appropriate district court of the United States." 22 U.S.C. § 4140(b)(2). Mr. Gonzalez received notice of the FSGB's final decision on April 19, 2000, and filed this action on September 5, 2000. If Count II could be construed as a claim under Title VII, it would have been untimely filed. However, Mr. Gonzalez denies that he is making a claim of race discrimination; rather, he claims that his grievance is one for unequal treatment insofar as the Department has provided benefits to some African–Americans and not to others. As plaintiff correctly argues, this is not a claim cognizable under Title VII, which prohibits discrimination based on race and national origin, for one could not argue under Title VII that African American Foreign Service specialists must be treated the same as African American Foreign Service generalists.

Even if plaintiff's grievance regarding the unfairness of not applying the *Thomas* consent decree to his situation cannot be cast as a discrimination claim, and thus, cannot be rejected as untimely, the Court will nonetheless uphold the FSGB's decision that the principles recognized by the *Thomas* consent decree are not applicable to the plaintiff.

Plaintiff concedes that the wording of the *Thomas* consent decree applies only to Foreign Service generalists, not specialists like himself, but contends that the state-

ment of the Council on Equality in the Workplace expanded the reach of the consent decree to cover all specialists. The language of the Council's statement, however, does not support such a conclusion.

The Council on Equality in the Workplace was created pursuant to the consent decrees in *Thomas v. Christopher* and *Palmer v. Albright*, CA No. 76–1439 (D.D.C. Nov. 13, 1995). In its Annual Report, the Council expressed its desire to extend this initiative to Foreign Service specialists and civil service employees. (A.R.374.) There is nothing in the statement of the Council that indicates an intention on the part of the Council or the agency to extend all provisions of the *Thomas* and *Palmer* consent decrees to all Foreign Service Employees. The statements merely express a desire on the part of the Council not to limit its efforts at combating discrimination to the *Thomas* and *Palmer* class members, but to address discriminatory treatment throughout the agency. Consistent with these statements, the FSGB found that "[t]he statement of the Council on Equality in the Workplace does not broaden the legal applicability of the decree to specialists." (A.R.586.) While it may be argued that the principles recognized in the *Thomas* and *Palmer* consent decrees are admirable as a matter of policy, there is no legal basis upon which to argue that the defendant had a duty to extend the provisions of the consent decrees to individuals who were not members of the class. In the absence of such a legal duty, the Board did not act arbitrarily or capriciously, and Count II must be dismissed.

### B. Motion to Dismiss: Count III.

In Count III plaintiff seeks judicial review of the FSGB's decision not to cancel the order separating him from the Foreign Service. Defendants argue that such a claim must fail because the judgments and decisions of the PSB fall outside the Act's definition of grievance. 22 U.S.C. § 4131(b)(2). Defendants assert, therefore, that Mr. Gonzalez was not entitled to grieve the separation decision of the PSB to the FSGB, and likewise, is not entitled to seek judicial review of that decision now. However, Section 4131(a)(1)(A) provides that persons may grieve "separation of the member allegedly contrary to laws or regulations, or predicated upon alleged inaccuracy ... in any part of the official personnel record of the member." 22 U.S.C. § 4131(a)(1)(A).

Nonetheless, the Court notes that Count III of plaintiff's complaint appears to be nothing more than a restatement of Counts I and II, as the only bases upon which Mr. Gonzalez challenges his separation are the allegedly inaccurate 1994 EER (Count I) and the failure of the agency to include an African–American on the PSB that reviewed him (Count II). Since this Court has concluded that Count II provides no basis upon which the plaintiff can seek relief, and as explained below, plaintiff has failed to demonstrate that his 1994 EER was inaccurate, it necessarily follows that Count III cannot survive.

### C. Motion for Summary Judgment: Count I.

Both plaintiff and defendants seek summary judgment on Count I. Plaintiff contends that the FSGB's denial of his request to expunge the comments in his 1994 EER regarding lack of initiative should be reversed as arbitrary and capricious. In making this determination, the Court is mindful that "[r]atings and promotions are discretionary matters with which the Court will continue to be 'scrupulous not to intervene' unless clear error is shown." *VanderMolen v. Stetson*, 571 F.2d 617, 627 (D.C.Cir.1977) (quoting *Boyd*

*v. United States,* 207 Ct. Cl. 1 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976)).

In his grievance to the FSGB, plaintiff asserted that the 1994 EER "contained falsely prejudicial material which may have been a substantial factor in an agency action." 22 C.F.R. § 905.1(b) (2001). In particular, plaintiff contends that the 1997 PSB panel recommended separation primarily based on the criticism in the 1994 EER that he lacked initiative, and this criticism was inaccurate. At the agency level, plaintiff had the burden of establishing this by a preponderance of the evidence. *Id.* The FSGB concluded that plaintiff failed to meet his burden, and the Court cannot conclude that this decision was arbitrary and capricious.

Plaintiff asserts in his Memorandum that he "provided evidence never rebutted by the Department that ... there had been such a major reduction in workload there was simply not enough work to keep the staff ... busy." (Pl's Memorandum, at 3.) Plaintiff's argument appears to be that the criticism of his alleged lack of initiative in the 1994 EER was unwarranted because there was insufficient work to be done. However, the record demonstrates that plaintiff's evidence was rebutted by the Department in letters from the author of the 1994 EER, Thomas Montana, and the reviewing officer, Richard C. Kwiatkowski. (A.R.65, 67–68.) The written decision of the FSGB demonstrates that the Board considered both plaintiff's argument and the contradictory statements of his supervisors in concluding that plaintiff had not established that the statements in his EER were factually inaccurate. (A.R. 579–80; 583–84; 587.) The Board also correctly noted that other evaluations of Mr. Gonzalez included criticisms of his lack of initiative. (A.R.587.)

Furthermore, even if the statements regarding plaintiff's lack of initiative were falsely prejudicial, which they were not, plaintiff has failed to demonstrate that those comments were a substantial factor in the PSB's decision to separate him from the Foreign Service. In its Designation for Separation, the PSB lists many areas where plaintiff's performance was found to be inadequate: "lack of initiative; lack of proper internal controls; inconsistencies in message handling; inability or lack of desire to manage or organize his work environment; lack of technical expertise; and to a lesser extent, lack of good interpersonal skills." (A.R.388.) Plaintiff argues that the PSB panel "specifically cited 'lack of initiative' as the first and foremost of several factors identified as the basis for the panel's recommendation." (Memorandum in Support of Plaintiff's Motion for Summary Judgment, at 8.) While plaintiff is correct that "lack of initiative" is listed first, there is no indication from the report that the PSB considered lack of initiative as being more significant than any of the other factors, except lack of good interpersonal skills.

The PSB Designation for Separation cites twelve evaluations over ten years in support of its conclusion that plaintiff's performance was deficient. There is no indication that the criticism in the 1994 EER was any more significant than any of the other criticisms cited. Furthermore, it seems likely that, given the abundance of deficiencies in plaintiff's performance that were cited, the PSB panel would have recommended separation even if the 1994 EER had not contained the criticism of plaintiff's lack of initiative.

Therefore, the FSGB acted reasonably in concluding that the criticisms contained in plaintiff's 1994 EER were not falsely prejudicial and were not a substantial factor in the separation decision. Defendant

is thus entitled to summary judgment on Count I.

## CONCLUSION

For the foregoing reasons, the Court concludes that Counts II and III should be dismissed and summary judgment for the defendants should be entered as to Count I. A separate Order accompanies this decision.