Michael **STRICKLAND**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 03–1390C.

United States Court of Federal Claims.

Aug. 26, 2004.

---

**690**

John B. Wells, Slidell, Louisana, counsel for plaintiff.

Matthew P. Reed, United States Department of Justice, Civil Division, Commercial Litigation Branch, counsel for defendant, with whom were Assistant Attorney General Peter D. Keisler, Director David M. Cohen, Assistant Director Franklin E. White, and LCDR Gregory R. Bart, JAGC, of Counsel.

## MEMORANDUM OPINION AND FINAL ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

BRADEN, Judge.

### RELEVANT PROCEDURAL BACKGROUND

On July 30, 2004, the court issued an opinion and final judgment denying defendant ("the Government")'s January 15, 2004 motion for summary judgment on the administrative record. The court, however, granted plaintiff's February 24, 2004 cross-motion, in accord with an October 10, 2002 Board for Corrections of Naval Records ("BCNR") decision, affirming an April 5, 1999 Administrative Discharge Board decision to separate plaintiff from the Department of the Navy ("Navy"), but determining that plaintiff's discharge was "unfair and should be set aside." *Strickland v. United States*, 61 Fed.Cl. 443, 446 (2004) (citing AR at 17).

On August 9, 2004, the Government filed a motion for reconsideration, pursuant to RCFC 59(a)(1), requesting that the court vacate the July 30, 2004 opinion and final judgment. ("Gov't Recon. Mot.") Instead of attempting to rationalize the division of views expressed by panels of our appellate court and other federal appellate courts regarding 10 U.S.C. § 1552(a), the Government argues that the court's opinion "directly contravenes the controlling precedent in [the United States Court of Appeals for the Federal] Circuit as articulated in *Boyd v. United States*, 207 Ct.Cl. 1, 1975 WL 22807, *cert. denied*, 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976), and the cases following its rationale." Gov't Recon. Mot. at 4. The court is advised that these cases include: *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804 (1979); *Jones v. United States*, 7 Cl.Ct. 673, 678 (1985); *Germano v. United States*, 26 Cl.Ct. 1446, 1460 (1992); *Gilchrist v. United States*, 33 Fed.Cl. 791, 799 (1995); and *Moehl v. United States*, 34 Fed.Cl. 682 (1996). *See* Gov't Recon. Mot. at 5–9. The authority cited by the Government, however, conflicts with well established United States Supreme Court precedent or is simply not binding.[1]

The question presented in *Boyd*, 207 Ct.Cl. 1, 1975 WL 22807 was whether an Assistant Secretary "acted arbitrarily and capriciously, and thus unlawfully, in rejecting certain recommendations of the Air Force Board for Correction of Military Records[.]" *Id.* In determining that the Secretary had discretion under 10 U.S.C. § 1552(a) to correct a military record, the United States Court of Claims erroneously held "*he has by regulation authorized by the statute retained the authority* to take such final action on board recommendations as he determines to be appropriate." *Id.*, 207 Ct.Cl. 1, 1975 WL 22807, at *3 (emphasis added). Well over a decade earlier, the United States Supreme Court held that a federal agency cannot *sua sponte* expand its congressionally mandated authority by regulation. *See CAB v. Delta Air Lines, Inc.*, 367 U.S. 316, 322, 81 S.Ct. 1611, 6 L.Ed.2d 869 (1961) ("[T]he determinative question is not what the [federal agency] thinks it should do but what Congress has said it can do."); *see also id.* at 334, 81 S.Ct.

---

1. The court is not bound by the holdings in     *Jones, Germano, Moehl,* and *Gilchrist.*

1611 (holding that a federal agency "cannot rely on their own notions of implied powers in the enabling act.'"); *see also* Ronald M. Levin, *"Mead and the Prospective Exercise of Discretion,"* 54 ADMIN. L. REV. 771, 780 (Spring 2002) ("Congress does not delegate to an agency the question of what Congress has delegated to the agency."). Of course, the Navy may issue regulations but only to establish procedures implementing the authority granted by Congress. *See Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 543, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978) (quoting *FCC v. Schreiber,* 381 U.S. 279, 289, 85 S.Ct. 1459, 14 L.Ed.2d 383 (1965)) (recognizing that federal agencies are "free to fashion their own rules of procedure and to pursue methods of inquiry"); *see also Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976) (holding that "the administration of a federal statute is not the power to make law; rather it is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute."). Therefore, as a matter of law, neither the Navy nor the Secretary can expand the agency or the Secretary's authority by regulation. *See Delta Airlines,* 367 U.S. at 328, 81 S.Ct. 1611 (a federal agency cannot "do indirectly what it cannot do directly.").

The United States Court of Claims in *Sanders,* 219 Ct.Cl. 285, 594 F.2d 804, correctly held that "[o]nce a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination, unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary, or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure[.]" *Id.* at 811, 594 F.2d 804. That decision, however, contained two errors. The first was: "Secretaries are free to place limitations on the range of cases reviewable by the boards[.]" *Id.* at 812, 594 F.2d 804 (citing *Boyd,* 207 Ct.Cl. at 11, 1975 WL 22807). As a matter of law, Congress and only Congress can authorize or limit "the range of cases" to be reviewed by the boards.

*See Buckley v. Valeo,* 424 U.S. 1, 132, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976) (citing *McCulloch v. Maryland,* 4 Wheat. 316, 17 U.S. 316, 4 L.Ed. 579 (1819)) ("Congress has plenary authority in all areas in which it has substantive legislative jurisdiction."). The second error was in holding that the United States Court of Claims had jurisdiction to review the action of military correction boards *and* service secretaries. *See Sanders,* 594 F.2d at 812 ("Actions of both are subject to judicial reversal for violation of such standards."). A federal court has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 704 ("APA") to review only final action. *Ipso facto,* final authority can only reside in one entity within an agency. *See, e.g., Renegotiation Board v. Grumman Aircraft Engineering Corp.,* 421 U.S. 168, 188, 95 S.Ct. 1491, 44 L.Ed.2d 57 (1975) (the absence of power to issue a "final opinion" was further evidence that an entity was not a federal agency subject to the APA); *see also Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 401 (5th Cir.), *cert. denied,* 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984) ("The finality rule is designed to avoid piecemeal trial and appellate litigation and the delays and costs of multiple appeals upon both parties and courts as well as to provide a clear test so that needless precautionary appeals not be taken.").

Congress has decided that "correction[s] shall be made by the secretary *acting through* boards of civilians[.]" 10 U.S.C. § 1552(a).[2] Where "Congress has directly spoken to the precise question at issue ... that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed interest of Congress." *Chevron U.S.A., Inc. v. Nat'l Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). It is the considered judgment of the court that the plain language of 10 U.S.C. § 1552(a) places final authority for military corrections in the hands of civilian boards. *See also* John A. Wickham, "Federal Courts in the District of Columbia Resurrect Service Mem-

---

2. When "act" is used as a verb, it means "to give a decision or award." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 11 (10th ed.2001). "Through" is a preposition "used as a function word to indicate means, agency ... as by means of[.]". *Id.* at 1226.

bers' Right to Direct Judicial Review of Personnel Actions," 55 ADMIN. L. REV., 35 (Winter 2003) ("Congress permitted the [Board's] equitable authority to grant relief for 'an injustice' to extend to such cases where even the courts had no authority. This derives from legislative history that Congress 'did not intend any limited or technical meaning' for the words material error or injustice[.]"). Accordingly, the Government's motion for reconsideration regarding the court's interpretation of 10 U.S.C. § 1552(a) is denied.

Finally, the Government also requests the court's reconsideration concerning the Equal Access to Justice Act ruling. *See* Gov't Recon. Mot. at 9–10. On August 9, 2004, however, the court *sua sponte* issued an errata and correction to acknowledge the court's mistake and clarify that: "Plaintiff may move for an award of attorney fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(b)." 61 Fed.Cl. at 453.

For these reasons, the Government's August 9, 2004 motion for reconsideration is denied in part and, in part, is moot. The Clerk of the Court is hereby ordered to enter a final judgment consistent with this memorandum opinion.

**IT IS SO ORDERED.**