Laramore, Judge,
delivered the opinion of the court:
Plaintiff in this action claims the difference between the pay and allowances of a Captain and that of a Major for the *380 period October 1,1945 to December 27,1950, plus an increase in pay allegedly due him by reason of accelerated promotions he would have received had his date of rank as a Major, October 1,1945, been correctly fixed.
The material facts show that plaintiff was appointed as a Second Lieutenant, A.U.S., on May 20', 1942. He was promoted to First Lieutenant, A.U.S., on January 26, 1943, and •to Captain, A.U.S., on December 20, 1944. He was integrated into the Tegular Army by appointment as First Lieutenant on February 28, 1947; promoted to Captain, Teg-ular Army, on January 2,1949; promoted to Major, A.U.S., on December 27, 1950; promoted to Major, Tegular Army, on April 16, 1956, and promoted to Lieutenant Colonel, A.U.S., on February 11, 1958.
On September 27, 1945, while serving in the grade of Captain, A.U.S., plaintiff was recommended for promotion to Major, A.TJ.S. Because of an aircraft disaster and consequent loss of papers, the recommendation did not reach the approving authority. However, the petition alleges and the facts show that plaintiff had an outstanding record of performance of military duties; that he would have been within the zone of consideration for temporary promotion to Lieutenant Colonel in June of 1951, if he had been promoted to Major on October 1,1945.[1]
Plaintiff was again recommended for promotion to Major, A.U.S., on October 26, 1945, but the newly designated approving authority refused approval because plaintiff was eligible for return to the United States under the point system and he would not agree to stay in China another year.
On November 19, 1955, plaintiff applied to the Army Board for Correction of Military Tecords for a correction of his record to show his promotion to Major as of October 1, 1945. The application requested the following correction:
*381 Correct current date of rank as major, ATJS, from 27 December 1950 to 1 October 1945, only. (All amounts found due resulting from suck correction are waived)
A bearing was granted by the Board on February 24,1954. On March 5, 1954, the Board reached the following conclusion :
1. That it is apparent from the evidence submitted that the applicant’s recommendation for promotion to the grade of Major on 27 September 1945 would have been approved had it arrived and been submitted to the Commanding General, Chinese Combat Command.
2. That the destruction of applicant’s recommendation for promotion under the circumstances described above works an injustice on him in that it deprives him of the earlier date of rank in his present temporary grade.
3. That in consideration of the foregoing findings and conclusions, the applicant should be held and considered to have attained the temporary grade of Major, Army of the United States, as of 1 October 1945.
The Correction Board recommended as follows:
1. That all of the Department of the Army records of Jack M. Hertzog be corrected to show his date of rank of Major, Army of the United States, as 1 October 1945.
2. That no money as a result of past loss of pay, allowances, compensation, emoluments, or other pecuniary benefits be paid by the Department of the Army as a result of this correction of record.
On May 5, 1954, Brigadier General E. C. McNeil, U.S. Army, Betired, addressed a memorandum on the case to Mr. John W. Martyn, Administrative Assistant and Department Counselor, Department of the Army, which read in part, as follows:
His [the plaintiff’s] claims for predating his rank are based upon the following facts which may be said to be established in rather convincing fashion.
I think the approval of this recommendation would be a very bad precedent.
*382 On June 9, 1954, the Secretary of the Army addressed the following memorandum to the Adjutant General:
Having received and approved the findings, conclusions and recommendations of the Army Board for Correction of Military Records in the case of Jack M. Hertzog, 0-40 856, and under the authority vested in me by Section 207 of the Legislative Reorganization Act of 1946, as amended (Public Law 220, 82d Congress) , it is directed:
That in the case of JACK M. HERTZOG, his application for correction of military records, dated 19 November 1953, be and hereby is denied.
However, the facts disclose that this was an obvious error. The record discloses that a corrected memorandum reads as follows:
Having received and considered the findings, conclusions and recommendations of the Army Board for Correction of Military Records in the case of Jack M. Hertzog, 0-40 856, and under the authority vested in me by Section 207 of the Legislative Reorganization Act of 1946, as amended (Public Law 220, 82d Congress), it is directed:
That in the case of JACK M. HERTZOG, his application for correction of military records, dated 19 November 1953, be and hereby is denied.
In other words, the first memorandum read, “[h]aving received and approved * * *” while the corrected memorandum read, “ [h] aving received and considered * * In any event, the Secretary denied plaintiff’s application on June 9,1954, and plaintiff was so advised on June 25,1954. Furthermore, in 1959 the matter was “again reviewed” and the original denial of relief by the Secretary of the Army was affirmed. Again in 1962 the entire matter was “reviewed and considered” and the 1959 decisions were reaffirmed. Under this state of facts, beyond question the plaintiff knew that his application had 'been denied by fhe Secretary.
Respecting the 1959 reconsideration of plaintiff’s application to the Correction Board, the Assistant Secretary of the *383 Army wrote plaintiff, on July 31, 1959, stating in pertinent part, as follows:
The evidence i/n your case has agwm been reviewed by a member, of the Army Secretariat in accordance witb the applicable statutes and regulations. Further, the arguments made in your communication of 14 May 1959 have been fully considered. It is with sincere regret that I must inform you that the determination has been made that the findings of the Board for Correction of Military Records were not justified by the record. In consideration of all the facts presented, it has been concluded that the action of the Secretary of the Army in disapproving your application was proper. It is my decision that such denial be affirmed. [Emphasis supplied]
Respecting the 1962 reconsideration, the Special Assistant to the Secretary of the Army wrote counsel for plaintiff in pertinent part, as follows:
This is in further reference to the case of Lt. Colonel Jack M. Hertzog, O 40 856.
In accordance with your request this entire matter, including your communication of June 21, 1962, has been reviewed and considered. It has been determined that the denial of relief by the Secretary of the Army in 1954, adhered to by the Assistant Secretary of Army (MP&RF) in 1959, should be continued.
Under these facts we are called upon to determine whether the actions by the Secretary of the Army in 1954, 1959 and 1962, denying plaintiff’s applications for the correction of his military records, were contrary to law, were arbitrary, capricious and unlawful.
At the outset it is noted that Congress provided the means by which an officer could apply for a correction of his military records. The Act establishing the Army Board for Correction of Military Records[2] provides, in pertinent part, as follows:
§ 1552. Correction of military records: claims incident thereto
(a) The Secretary of a military department, under procedures established by him and approved by the *384 Secretary of Defense, and acting through, boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. * * *
Section 10 of the Administrative Procedure Act, 60 Stat. 237, 248, 5 U.S.C. § 1009, provides in pertinent part:
Sec. 10. Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—
(a) Bight of review. — Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof.
Thus it can be seen that not only did Congress provide the avenue for corrective measures, but also provided for judicial review in the event of arbitrary or unlawful action by the Board or Secretary concerned. As a matter of fact, this court has had occasion to pass on the precise question. In Eicks v. United States, 145 Ct. Cl. 522, 527 (1959), this court stated:
It is within the jurisdiction of this court to correct the action of the Board if it results from the Secretary’s arbitrary disapproval of the Board’s decision and recommendation. * * * This action seeks the recovery of that amount and the right to recovery depends on whether the refusal to correct the record was arbitrary. Friedman v. United States, n. 7, supra, at 255, and cases cited, particularly Furlong v. United States, 138 C. Cls. 843. In the Friedmcm case this court pointed out the legislative history that governed our interpretation of the congressional purpose to allow this court to enter judgment for pay withheld by an arbitrary failure to correct a military record, but not to compel “alteration or correction of an official military record.” Page 258. When Congress said that rulings of Correction Boards should “be final and conclusive on all officers of the Government except when procured by means of fraud” (65 Stat. 655), it would overturn much of our thinking on justice to say that those words were intended to bar courts from awarding pay to military personnel when they had been deprived of their compensation by failure *385 to correct their service record through arbitrary and capricious action. The correction boards were created to remedy wrongs, not to confound them.
Consequently we now come to the question of whether the Secretary’s action was arbitrary, capricious, etc. Respecting this issue, plaintiff applied to the Board for correction of his military records. The Board unanimously concluded it was “apparent from the evidence submitted” that plaintiff’s recommendation for promotion would have been approved except for the intervening events; that the destruction of the recommendation for promotion under the circumstances described constituted an injustice to him; and that plaintiff should have been held and considered to have attained the grade of Major on October 1, 1945. Nevertheless his application was denied, but only after General McNeil addressed a memorandum to the Administrative Assistant and Department Counselor, Department of the Army, wherein he stated: “I think the approval of this recommendation would be a very bad precedent.” Furthermore, the above statement was made notwithstanding General McNeil’s prior statement in the same memorandum that “his claims * * * are based upon * * * facts which may be said to be established in rather convincing fashion.” We think it apparent that the Secretary’s action in denying plaintiff’s application was induced and influenced by General McNeil’s statements. We say this because all the evidence before the Board tended to show that plaintiff was entitled to the relief prayed for. No evidence was introduced to the contrary.
Furthermore, in 1959 the Assistant Secretary of the Army, in denying plaintiff’s request for reconsideration, stated that “the findings of the Board for Correction of Military Records were not justified by the record.” Certainly this could not have been the case when review of the record would have disclosed exactly the contrary. Moreover, section 207 of the Act setting up the Correction Board provides for the correction of military records by the Secretary “acting through boards of civilians.” It would appear in this case that the Secretary in denying plaintiff’s application was not acting *386 “through.” the Board. The Comptroller General was confronted with a situation wherein the Secretary acted not “through” the board of civilians. The Comptroller General denied relief holding that the Secretary rather than acting through the Board was acting independently thereof. See 82 Comp. Gen. 294 (1952).
This court also has passed on the precise point. In Proper v. United States, 139 Ct. Cl. 511, 526 (1957), this court stated:
In the instant case the Secretary of the Army, in denying plaintiff’s application for correction of his military record, did not act through the Army Board of civilian officers or employees as required by the above statute. On the contrary, the Secretary of the Army wholly disregarded the finding of the civilian board that plaintiff had been totally and permanently disabled in line of duty at the time of his release to inactive duty on April 27, 1948, and, apparently acting through a retired regular Army officer, refused to correct plaintiff’s record in the manner recommended by the civilian board. But defendant urges that the Secretary did not need to act through a civilian board and that the recommendations of the Correction Board were merely advisory, leaving the Secretary free to accept and act favorably on the findings and recommendations, or to ignore them, as he saw fit. Such an interpretation of section 207 makes the words “acting through boards of civilian officers or employees” superfluous. Neither the act itself nor its legislative history warrants such an interpretation. Since the errors or injustices which might require correction were originally made by the military, Congress made it manifest that the correction of those errors and injustices was to be in the hands of civilians. We know of no case in which this issue has been decided, but the Comptroller General in an opinion reported at 32 Comp. Gen. 294 (1952), held that a correction or change in a military record made independently and contrary to the findings and recommendation of the Correction Board, was not made in accordance with section 207.
The court went on to say:
On the other hand, we do not suggest that the Secretary may not overrule the recommendations of the Cor *387 rection Board where the findings of that Board are not justified by the record on which the findings were made.[3]
Obviously the last above quote is not the situation here. On the contrary, the recommendation of the Correction Board was fully justified by the record. The only thing in the entire record which is not favorable to the plaintiff and his application to the Board is the comment of General McNeil quoted sufra. (It is noted that General McNeil’s memorandum was not evidence before the Board.)
Furthermore, in Betts v. United States, 145 Ct. Cl. 530, 535 (1959), this court had before it the identical question; i.e., whether the Secretary was free to reach a conclusion contrary to all the evidence. The court said:
A public officer, in making decisions affecting the rights of citizens, is not free to act capriciously, at least unless the legislature has in plain terms granted him that arbitrary power. A decision contraiy to all the evidence, and for which, even on post audit, no reason can be given except an irrelevant reason, cannot be characterized as other than capricious. As such it deserves only to be ignored, and we ignore it.
Where the Secretary in overturning the Correction Board’s recommendation goes outside the record and issues before the Board for a basis for his decision, he must justify such a departure by explicitly stating the “policy reasons” behind such action. In the absence of such an explanation, we cannot determine upon review that his discretionary action was not “arbitrary or capricious.” This standard is not satisfied by the naked assertion that “approval of the Correction Board’s recommendation would be a very bad precedent.” Cf., Dwight Crocker v. United States, 130 Ct. Cl. 567 (1955). This is specially true in the instant case where in answer to plaintiff’s request for reconsideration the Secretary stated that the findings of the Correction Board were not justified by the record. For as stated earlier, all the evidence before the Board was favorable to the plaintiff. Here the Secre *388 tary not only failed to justify bis departure from tbe record, but it appears also that tbe Secretary failed to give due consideration to tbe evidence before the Board. Consequently, we must bold that the Secretary’s action in overturning tbe Correction Board’s recommendation was arbitrary and capricious.
We think under tbe facts of this case that a clear showing has been made that denial of plaintiff’s application for correction of bis record was not justified by tbe record and was arbitrary and unlawful. We think plaintiff was entitled to have his record corrected to show date of rank as Major as of October 1, 1945, and consequently be is entitled to the difference between tbe pay and allowances of a Captain and that of a Major for tbe period October 1, 1945 to December 27,1950.
Defendant argues that in any event plaintiff cannot recover because be bad, in his application for correction of bis records, waived any payment which would result therefrom. However, how can plaintiff be held to a waiver under these circumstances when he was not given the relief prayed for? Had the Correction Board, with approval of the Secretary, corrected plaintiff’s record to show an earlier date of rank, in a situation wherein plaintiff in his application did not ask for remuneration, and none was granted, undoubtedly this court would have permitted plaintiff to recover the pay incident thereto. Cf. Darby v. United States, 146 Ct. Cl. 211 (1959). In this case plaintiff merely requested change in date of rank, and if his request was granted he agreed that “all amounts found due resulting from such corrections are waived.” There was no correction made, and no amounts were found due. Consequently, the alleged waiver, if there was one, never became operative. Therefore, we hold that it does not operate against plaintiff in this case.
Plaintiff then claims a right to subsequent promotions based upon the correction of his date of rank as Maj or.
Bule 17 of the Buies of this court provide, among other things, that the petition set forth a clear citation of the Act of Congress, where the claim is founded upon such an act.
*389 The petition in this case alleges:
1. Section 207, Legislative Eeorganization Act of 1946, 60 Stat. 837, as amended, 65 Stat. 655, establishing the Boards for Correction of Military and Naval Eecords and prescribing their authority, powers and duties.
2. Section 10, The Administrative Procedure Act, 60 Stat. 243, 5 U.S.C. § 1009, providing for judicial review of agency action.
3. The Soldiers’ and Sailors’ Civil Eelief Act of 1940, 54 Stat. 1178, as amended 50 U.S.C. App. § 525 providing that the period of military service shall not be included in computing any period to be limited by any law for the bringing of any action in any court.
In this connection it is noted that at no time has the Correction Board or the Secretary concerned passed on the question of plaintiff’s right to subsequent promotions. As a matter of fact, from the record before us, we do not now know whether plaintiff would have been promoted subsequently. In our judgment, the plaintiff ought to have this portion of his claim passed on administratively or by application to the Correction Board. In other words, there has been no action by the Correction Board or the Secretary which could be considered to be arbitrary, capricious, etc. Consequently, plaintiff’s claim for the pay and allowances of a Lieutenant Colonel and the pay and allowances of a Colonel is denied without prejudice to his right to apply for relief administratively or by application to the Army Board for Correction of Military Eecords.
In summary, plaintiff is entitled to the difference between the pay and allowances of a Major, with his length of service, and that of a Captain for the period October 1,1945 to December 27,1950. Plaintiff’s claim for the difference between the pay and allowances of a Lieutenant Colonel with his length of service and that of a Major, and his further claim for the difference between the pay and allowances of a Colonel with his applicable length of service and that of a Lieutenant Colonel are denied without prejudice to his right to seek relief administratively or by application to the Army Board for Correction of Military Eecords, and judgment is entered to that effect.
Plaintiff’s cross-motion for summary judgment is granted to the extent indicated above. Defendant’s motion for sum *390 mary j udgment is denied. The amount of recovery will be determined pursuant to Rule 47(c) (2) of the Rules of this court.

 Defendant’s Exhibit A shows that Majors with a date of rank of 1 October 1945 were selected in June of 1951 for promotion to the temporary grade of Lieutenant Colonel and promoted on 8 September 1952 to the temporary grade of Lieutenant Colonel; Majors with a date of rank of 1 October 1945 would have been within the zone of consideration and selection for Colonel, Army of the United States, in June 1961 and would have been promoted to Colonel on 4, 5, 6 and 7 June 1962 — promotions were based on active Federal commissioned service.

 Section 207 of the Act of August 2, 1946, 60 Stat. 812, 837, as amended, 65 Stat. 655-657, codified by the Act of August 10, 1956, 70A Stat. 116, as 10 U.S.C. § 1552.

 The writer of this opinion joined in the dissenting opinion in Proper v. United States, supra. However, in that case there was conflicting evidence and the dissent was to the effect that by adopting the minority view of the Board the Secretary could not have acted arbitrarily. Again, in Frederick v. United States, 150 Ct. Cl. 769, 777 (1960), the writer of this opinion dissented. However, in that case there was also conflicting evidence.