**Charles WEST, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 11–321C, 11–351C.**

United States Court of Federal Claims.

Jan. 23, 2012.

---

Charles West, Pampa, TX, pro se plaintiff.

Elizabeth Anne Speck, U.S. Department of Justice, Washington, DC, with whom were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director, for defendant. Major Mary Elise Meek, Department of the Army, U.S. Army Litigation Division, Fort Belvoir, VA, of counsel.

## OPINION AND ORDER

FIRESTONE, Judge.

In the present action, *pro se* plaintiff, Charles West, seeks to overturn the Secretary of the Army's decision to discharge the plaintiff from the Army for the convenience

of the government.[1] Mr. West was honorably discharged from the Army for the convenience of the government after he was sentenced to 30 years in prison following his conviction in Texas state court for sexual assault. Mr. West claims that the Army should have instead "retired" him from the military. He asks for his status to be corrected and for back pay for the period in which he was wrongfully denied retirement status. He also claims that he is entitled to compensation for various due process violations. Finally, he seeks veterans' benefits. Pending before the court is the defendant's motion to dismiss the case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, in the alternative, for judgment on the administrative record pursuant to RCFC 52.1. For the reasons that follow the court **GRANTS** the government's motion to dismiss the plaintiff's constitutional claim and his claim for veterans' benefits for lack of jurisdiction. This court cannot provide the plaintiff with the damages and benefits he seeks. With regard to the plaintiff's remaining claims, the government's motion for judgment on the administrative record is **GRANTED**.[2] Accordingly, the plaintiff's status will not be changed and he will not receive the retirement pay or back pay he seeks.

1. Mr. West filed his original complaint in this Court on May 18, 2011. *West v. United States*, No. 11–321C. After the lawsuit was filed, he received notice that he had received a General Discharge (Under Honorable Conditions) for the convenience of the government. Following this notification, the plaintiff, on June 2, 2011, filed another complaint alleging identical claims. *West v. United States*, No. 11–351C. The cases were consolidated on August 19, 2011.

2. The plaintiff applied for leave to proceed *in forma pauperis* on May 18, 2011. The plaintiff's application is **GRANTED**. The plaintiff moved to supplement the administrative record on October 3, 2011 and for discovery on November 8, 2011. The plaintiff's motion to supplement the administrative record is **DENIED**. The plaintiff's motion for discovery is **DENIED** except to the extent the court ordered the government to provide the plaintiff with a compendium of relevant statutes and regulations on November 10, 2011.

## I. BACKGROUND

The plaintiff entered active service on June 26, 1986, and served until his conviction for sexual assault on February 2, 2007. Administrative Record ("AR") 136–38, 372. The plaintiff has remained incarcerated since his conviction. Compl. vii. At the time of his conviction he had attained over 20 years of service in the military. AR 17.

Following his conviction, Lieutenant General Raymond Odierno, Commander of III Corps and Fort Hood convened a separation board, on May 21, 2008, to determine whether the plaintiff should be discharged from the Army based on his criminal conviction.[3] AR 95. The plaintiff was represented by counsel before the board and after considering the evidence presented, the board recommended that the plaintiff be "immediately retired from active duty service" with a characterization of service "Other Than Honorable." *Id.* The board noted that the plaintiff had "requested and had approved retirement orders on two previous occasions prior to this conviction by a civil court and ha[d] initiated another ... Retirement Request after his conviction." *Id.*

The recommendation was sent to Lieutenant General Raymond Odierno who, on July 16, 2008, informed the plaintiff that he did not agree with the recommendation of the

3. The separation board was convened pursuant to Army Regulation 635–200 ¶ 14–5, which provides in pertinent part as follows:
 *a.* A Soldier may be considered for discharge when initially convicted by civil authorities, or when action is taken that is tantamount to a finding of guilty, if one of the following conditions is present....
 (2) The sentence by civil authorities includes confinement for 6 months or more, without regard to suspension or probation....
 *b.* Initiation of separation action is not mandatory. Although the conditions established in a(1) or (2), above, are present, the immediate commander must also consider whether the specific circumstances of the offense warrant separation....
 *c.* If the immediate commander initiates separation action, the case will be processed through the chain of command to the separation authority for appropriate action.
 *d.* A Soldier convicted by a civil court ... will be reduced or considered for reduction.
 Army Reg. 635–200 ¶ 14–5.

board to "retire" the plaintiff but instead would be initiating action to separate the plaintiff from the Army for the convenience of the government pursuant to Army Reg. 635–200 ¶ 5–3.[4] AR 85–86. General Odierno explained in his notice to the plaintiff that he was taking this action based on the plaintiff's conviction for sexual assault and the 30–year prison sentence he had received. *Id.*

The plaintiff was given an opportunity to respond to General Odierno's decision to separate plaintiff from the Army for the convenience of the government and, on November 6, 2008, Captain Larry Gilbert, counsel for the plaintiff, filed objections to the proposed administrative separation of the plaintiff from the Army for the convenience of the government. AR 21–23. Captain Gilbert argued on the plaintiff's behalf that the proposed separation action was inappropriate because, "it is 'the policy of HQDA not to direct separation per [Army Reg. 635–200 ¶] 5–3 when a duly constituted board' did not recommend separation 'unless [ ] sufficient justification [is provided] to warrant separation by the Secretary of the Army, based on all the circumstances, as being in the best interest of the Army.' " AR 22 (quoting Army Reg. 635–200 ¶ 2–6(e)(2)). Captain Gilbert went on to state, "Here such separation ac-

---

4. Army Regulation 635–200 ¶ 5–3 provides in pertinent part:

 *a.* Separation under this paragraph is the prerogative of the Secretary of the Army. Secretarial plenary separation authority is exercised sparingly and seldom delegated. Ordinarily, it is used when no other provision of this regulation applies, and early separation is clearly in the best interest of the Army. Separations under this paragraph are effective only if approved in writing by the Secretary of the Army or the Secretary's approved designee as announced in updated memorandums.

 . . .

 *c.* Individual cases that may be submitted to [Headquarters, Department of the Army ("HQDA")] for consideration of separation under Secretarial plenary authority include those processed under paragraph[ ] . . . 2–6e. . . .

 *d.* Separation under this paragraph may be voluntary or involuntary. . . .

 *e.* Blanket or individual requests for separation under this paragraph will be submitted to [HQDA]. . . .

 (1) Chain of command forwarding endorsement must recommend approval or disapproval. If approval is recommended, the chain of command must provide rationale to support determination that separation is in the best interest of the Army. . . .

Army Reg. 635–200 ¶ 5–3. Army Regulation 635–200 ¶ 2–6 provides, in part:

 *e.* When a board of officers has recommended retention and the separation authority believes that discharge is warranted and in the best interest of the Army, a request for discharge for the convenience of the Government per paragraph 5–3, may be forwarded to [HQDA]. . . .

 (1) Separation under the provisions of paragraph 5–3 is based upon different criteria from that considered by the board of officers and does not constitute overturning the board.

 (2) It is the policy of HQDA not to direct separation per paragraph 5–3 when a duly constituted board has recommended reten-

tion unless sufficient justification is provided to warrant separation by the Secretary of the Army, based on all the circumstances, as being in the best interest of the Army.

 (3) If separated, the Soldier will be given an entry-level separation or awarded an honorable or general discharge, as appropriate. . . .

 (4) Before forwarding a request for discharge under this paragraph, the separation authority will—

 (a) Notify the Soldier, in writing, of the proposed recommendation using the notification procedure. . . . This notification will cite this paragraph and paragraph 5–3 as the basis for the action and specify the justifications and reasons supporting the action. . . .

 (b) Provide[ ] the Soldier copies of documents, or other evidence, upon which the proposed action is based. . . .

 (c) Personally consider any response provided by the Soldier. If the Soldier's response specifies legal issues for consideration, a member of The Judge Advocate General's Corps or legal advisor who has not previously acted as a board member, recorder, counsel for consultation, or counsel for representation in the prior separation action, will review the response and advise the separation authority thereon.

 (d) Personally sign the memorandum to HQDA setting forth specific reasons justifying the Soldier's discharge as being in the Army's best interest.

 (5) The record of the board proceedings will be attached to the separation authority's memorandum to HQDA. The separation authority will neither approve nor disapprove the findings and recommendations of the board, since forwarding the case to HQDA under this paragraph constitutes the separation authority's initial action on the case.

 (6) No further action will be taken on the findings or recommendations of the board of officers unless directed by HQDA. . . .

Army Reg. 635–200 ¶ 2–6.

tion might have been appropriate and in the best interest of the Army if [the plaintiff] was convicted and subjected to lengthy civil confinement and there was no other way to remove him from his unit's books. In this case, however, separation under 5–3 is not the only option.... [The plaintiff] should be allowed to retire because his retirement was approved long before the initial separation action was initiated." AR 22.

Captain Gilbert's objections on behalf of the plaintiff were rejected and, on November 26, 2008, Lieutenant General Rick Lynch, General Odierno's successor, forwarded to Headquarters, Department of the Army, a request that the plaintiff be separated for the convenience of the government. AR 18–20. The Director of Enlisted Personnel concurred in the recommendation of General Lynch. On March 12, 2009, the Director forwarded the separation request to the Secretary of the Army's designee, the Assistant Secretary of the Army for Manpower and Reserve Affairs. AR 17. On July 11, 2011, the Acting Assistant Secretary of the Army approved the plaintiff's discharge for the convenience of the government pursuant to Army Regulation 635–200 ¶ 5–3. AR 5. The plaintiff received his general discharge (under Honorable Conditions) on August 2, 2011. AR 1–3. This litigation followed.

## II. DISCUSSION

### A. Subject Matter Jurisdiction under RCFC 12(b)(1)

It is well-settled that a party invoking the jurisdiction of this court bears the burden of establishing jurisdiction by a preponderance of the evidence. *M. Maropakis Carpentry, Inc. v. United States,* 609 F.3d 1323, 1327 (Fed.Cir.2010) (citing *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988)). A *pro se* plaintiff is entitled to a liberal construction of the pleadings. *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). However, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements. *Ber-*

*nard v. United States,* 59 Fed.Cl. 497, 499 (2004) ("This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements."), *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.2004).

■ Where, as here, the plaintiff claims that he is entitled to compensation under the Tucker Act, 28 U.S.C. § 1491(a)(1),[5] the plaintiff must further identify a separate source of substantive law that creates the right to money damages. *Fisher,* 402 F.3d at 1172 (citing *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)); *Jan's Helicopter Serv., Inc. v. FAA,* 525 F.3d 1299, 1309 (Fed.Cir.2008) ("In determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source."). If the court concludes that the source pled by the plaintiff is not money-mandating, the court must dismiss the case. *Fisher,* 402 F.3d at 1173 ("If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act."). This jurisdictional inquiry is separate from whether the plaintiff is actually entitled to recover under the money-mandating statute or regulation alleged by the plaintiff; a determination on whether the plaintiff is entitled to recovery under a money-mandating provision is a decision on the merits of the claim. *Jan's Helicopter,* 525 F.3d at 1309 ("There is no further jurisdictional requirement that the court determine whether [ ] additional allegations of the complaint state a nonfrivolous claim on the merits."). A claim by a former serviceman of illegal discharge and entitlement to back pay

---

5. The Tucker Act "(1) [ ] confers jurisdiction upon the Court of Federal Claims over [ ] specified categories of actions brought against the United States, and (2) [ ] waives the Govern-

ment's sovereign immunity for those actions." *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005).

**60**

has been held to be within the jurisdiction of this Court. *See Sanders v. United States,* 594 F.2d 804, 810 (Ct.Cl.1979) ("37 U.S.C. § 204 provides the basic entitlement to pay for commissioned officers in the armed services.") *superseded on other grounds by statute,* 10 U.S.C. § 628 (2006); *Smith v. Sec'y of Army,* 384 F.3d 1288, 1294 (Fed.Cir.2004) ("It is well established that the Military Pay Act[, 37 U.S.C. § 204(a),] is a money-mandating statute.") (citing *Dysart v. United States,* 369 F.3d 1303, 1315 (Fed.Cir.2004)).

## B. Justiciability

■ Even if jurisdiction is present, the Court must also determine whether the claim is justiciable, or subject to judicial review. In the context of military decisions, judicial review is only appropriate where Congress has established tests and standards against which the court can measure the Secretary of the Army's conduct. *See Fisher,* 402 F.3d at 1177; *Murphy v. United States,* 993 F.2d 871, 874 (Fed.Cir.1993). Questions regarding the merits of a discretionary decision to discharge a service member for the convenience of the government are ordinarily immune from judicial scrutiny. *Murphy,* 993 F.2d at 874 ("[T]he merits of the Air Force's decision to release [an officer] from active duty are beyond judicial reach."); *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983) ("[R]esponsibility for determining who is fit or unfit to serve in the armed services is not a judicial province."); *Sanders,* 594 F.2d at 814 ("[W]hile we may disagree with a correction board about whether or not a specific situation was unjust, we will not substitute our judgment for the board's when reasonable minds could reach differing conclusions."). For this reason, the court cannot review whether the Secretary properly exercised his discretion in deciding to discharge the plaintiff from the service for the convenience of the government following his conviction and sentencing for the crime of sexual assault. Whether the discharge was in the Army's best interest is a matter committed to the discretion of the Army.

■ However, whether the Secretary of the Army was legally obligated to "retire" the plaintiff after 20 years of service and, if so, whether the Secretary followed proper procedures in carrying out his responsibilities under Army Regulation 635–200 ¶ 5–3, does present a justiciable issue. *See Fisher,* 402 F.3d at 1177 ("[W]e have consistently noted that a challenge to a particular procedure followed by the military in rendering a decision may present a justiciable issue.") (citing *Adkins v. United States,* 68 F.3d 1317, 1323 (Fed.Cir.1995)); *Gilchrist v. United States,* 33 Fed.Cl. 791, 799–800 (1995) ("If the court finds that required procedures were violated in connection with plaintiff's discharge, the substantive merits of the Secretary's decision are justiciable to the extent that the court can decide whether or not the resultant decision was arbitrary, capricious, contrary to law or unsupported by substantial evidence.") (internal quotation omitted). The court's limited review of the Army's decision to discharge the plaintiff for the convenience of the government is on the administrative record prepared by the Army.

## C. Review on the Administrative Record

In addressing motions for judgment on the administrative record pursuant to RCFC 52.1(c), the court asks whether the party seeking relief has shown that the contested decision was arbitrary and capricious, contrary to law, or unsupported by substantial evidence. *See Chambers v. United States,* 417 F.3d 1218, 1227 (Fed.Cir.2005); *Godwin v. United States,* 338 F.3d 1374, 1378 (Fed. Cir.2003). The arbitrary and capricious standard "requires a reviewing court to sustain an action evincing rational reasoning and consideration of relevant factors." *Advanced Data Concepts, Inc. v. United States,* 216 F.3d 1054, 1058 (Fed.Cir.2000).

## D. The Secretary of the Army's Decision to Discharge the Plaintiff from the Army for the Convenience of the Government was Lawful Under the Applicable Statutes and Regulations and in Compliance with Applicable Procedures

■ At the heart of the plaintiff's complaint is his contention that he was illegally

discharged from the Army when the Secretary of the Army rejected the recommendation of the separation board to "retire" the plaintiff and instead decided to discharge him from the Army for the convenience of the government. The plaintiff argues that he is entitled to a retirement as a matter of law following his more than 20 years of service. It is for this reason, he argues, that the Secretary of the Army was not authorized to discharge him from military service and deprive him of his "retirement."

The government argues in response that a service member does not have a guaranteed right to a "retirement" after 20 years of service. Rather, the government argues, the applicable statute and Army regulations provide only that a service member "may" be retired after 20 but less than 30 years of service. *See* 10 U.S.C. § 3914.[6] Thus, the Secretary has the discretion to reject a "retirement" recommendation. In addition, the government contends that under the express terms of Army Regulation 635–200 ¶ 2–6, the Secretary of the Army is not bound by a recommendation of a separation board but has the authority to reject a separation board decision and discharge a serviceman if it is in the best interests of the Army. The government further contends that if a service member is discharged from the Army, then his military service is terminated and he is no longer eligible for a military "retirement." A retired service member remains in military status and remains a member of the military. *See McCarty v. McCarty,* 453 U.S. 210, 221–22, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). A discharged service member, in contrast, loses his military status and is not entitled to retired pay. *See Hooper v. United States,* 326 F.2d 982, 988 (Cl.Ct.1964). According to the government, the Secretary of the Army followed all of the appropriate procedures for discharging the plaintiff from the Army for the convenience of the government. In such circumstances, the government concludes,

the discharge was lawful and the plaintiff is not eligible for either retirement pay or back pay based on a claim of illegal discharge.

The court agrees with the government that the plaintiff's discharge from the Army was lawful and thus the plaintiff is not entitled to a military retirement or back pay. The court finds that the Secretary of the Army had the authority to discharge the plaintiff from the military for the convenience of the government under Army Reg. 635–200 ¶ 5–3 and in accordance with Army Reg. 635–200 ¶ 2–6e. In addition, the Secretary complied with all applicable regulations and procedures in carrying out the discharge pursuant to Army Reg. 635–200 ¶ 5–3.

■ First, the court agrees with the government that the plaintiff's assumption that he was "entitled" to a military retirement after 20 years of service is simply wrong. The retirement statute, 10 U.S.C. § 3914, states that an enlisted soldier "may" be retired after 20 years, whereas a soldier with 30 years of service "is entitled to" retired pay. *See* 10 U.S.C. § 3929. This distinction is noted in Army Reg. 635–200 ¶ 12–14(f), which states that after 20 years "requests [for retirement of eligible soldiers] may be disapproved ... based on the best interest of the Army." Similarly, Army Reg. 635–200 ¶ 12–7c states that soldiers who are eligible for retirement but are "under suspension of favorable personnel action," may request retirement, but such requests will be considered on a "case-by-case basis." Thus, the statute and regulations make plain that soldiers with at least 20 but less than 30 years of service are not automatically guaranteed retirement. Put another way, a soldier with 20 years of service but less than 30 years is not guaranteed the right to "retired" status in the military. The plaintiff has failed to demonstrate that his discharge was illegal because he was "entitled" to be "retired" under the law.[7]

---

**6.** 10 U.S.C. § 3914 provides: "Under regulations to be prescribed by the Secretary of the Army, an enlisted member of the Army who has at least 20, but less than 30, years of service computed under section 3925 of this title may, upon his request, be retired."

**7.** The plaintiff's reliance on several other provisions in Army Reg. 635–200 to support his claim to a "retirement" is also misplaced. First, Army Reg. 635–200 Chapter 3 does not support his claim. Chapter 3 deals with benefits provided elsewhere by law. Thus, a soldier separated under an honorable or general discharge is enti-

Second, the plaintiff has failed to demonstrate that the Army failed to follow proper procedures by rejecting the separation board's recommendation to "retire" plaintiff and instead discharge him from the military for the convenience of the government. Pursuant to 10 U.S.C. § 1169, which confers broad authority on the Secretary of the Army to order separation of enlisted members, the Secretary of the Army promulgated Army Reg. 635–200 to govern the discharge of enlisted personnel. Here, following the plaintiff's conviction for sexual assault, the Secretary of the Army initially instituted proceedings under Army Reg. 635–200 ¶ 14–5 and convened a separation board. The Secretary of the Army was not, however, bound to accept the board's recommendation. As noted, under Army Reg. 635–200 ¶ 2–6e, the Secretary of the Army retains the authority to reject a separation board's recommendation and to pursue separation under Army Reg. 635–200 ¶ 5–3 when the Secretary determines that "discharge is warranted and in the best interest of the Army." Army Reg. 635–200 ¶ 2–6e. Thus, the Secretary was within his rights under the law to discharge the plaintiff.

In this regard, this case is similar to *Jones v. United States*, 7 Cl.Ct. 673 (1985), in which a separation board was convened following a soldier's conviction and recommended retention pursuant to Army Reg. 635–200 Chapter 14, but the Secretary of the Army decided to reject the recommendation and instead discharge the plaintiff for the convenience of the government pursuant to Chapter 5. *Jones*, 7 Cl.Ct. at 680–81. The court held that the procedures set forth in Chapter 5 for separation for the convenience of the government are different from procedures used by a separation board under Chapter 14 and that the

decision of the separation board is not binding on the Secretary and may thus be rejected by the Secretary.[8] *Id.* at 680. The court explained, and this court agrees, that separations under Chapter 5 are separate and alternative from separations authorized under other provisions of Army Reg. 635–200. *Id.* Thus, the provisions of Army Reg. 635–200 Chapter 14 do not limit the authority of the Secretary to exercise his discretion to discharge a soldier under Chapter 5. As the court stated, "It would be contrary to the language and intent of Chapter 5 to unduly limit the Secretary's ability to effect a discharge for the convenience of the government." *Id.*

In addition, the record demonstrates that the Secretary followed all of the necessary procedures in carrying out his authority in a request for discharge for the convenience of the Government per Army Reg. 635–200 ¶ 5–3 processed under Army Reg. 635–200 ¶ 2–6e. *See supra* n. 4. The plaintiff was given notice and opportunity to object to the discharge. The plaintiff's counsel filed objections to the discharge decision and those objections were considered and made part of the record that was forwarded to the Secretary for his consideration, before the final discharge decision was made. The plaintiff has failed to identify any procedural rights that were violated. He thus has failed to demonstrate that his discharge for the convenience of the government violated any law or applicable regulations.

### E. The Court Lacks Jurisdiction Over the Plaintiff's Constitutional Claims and Claims for Veterans' Benefits

█ The plaintiff also alleges that his constitutional right to due process was vio-

---

tled to veterans' benefits if he otherwise qualifies for such benefits under the law. It does not by itself provide any rights to specific benefits. Similarly, Chapter 4, with regard to soldiers who are "separated upon expiration of enlistment or fulfillment of service obligation," does not support the plaintiff's claim. As noted above, the plaintiff was separated under another provision, Army Reg. 635–200 ¶ 5–3. For this reason, the provisions of Chapter 4 do not apply. The separate chapters of Army Reg. 635–200 present "*alternative* procedures that the Army may use to separate an enlisted member." *Jones v. United*

*States*, 7 Cl.Ct. 673, 680 (1985) (citing *Keef v. United States*, 185 Ct.Cl. 454, 464 (1968)). "[T]he procedural and substantive requirements are not interrelated." *Jones*, 7 Cl.Ct. at 680.

8. Plaintiff's objections to the Army's alleged failure to comply with all of the Chapter 14 process are moot. As discussed above, the plaintiff was discharged from the military under Chapter 5. Violations of the procedures in Chapter 14 are therefore irrelevant. *See Jones*, 7 Cl.Ct. at 680–81.

lated by the Secretary of the Army in discharging him under Army Reg. 635–200 ¶ 5–3, by requiring a medical examination upon separation, and by subjecting him to "double jeopardy" when he was denied a military retirement. It is well-settled that this Court does not have jurisdiction over claims based on the Due Process Clause or Double Jeopardy Clause. *James v. Caldera,* 159 F.3d 573, 581 (Fed.Cir.1998) (citing *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir. 1995) (due process); *Deggins v. United States,* 39 Fed.Cl. 617, 621 (1997) (double jeopardy), *aff'd,* 178 F.3d 1308 (Fed.Cir. 1998) (Table)). Thus, plaintiff's claims under these provisions must be dismissed pursuant to RCFC 12(b)(1).

 Plaintiff's claim for veterans' benefits must also be dismissed. Any claim for veterans' benefits must be filed with the Department of Veterans' Affairs pursuant to 38 U.S.C. § 5101(a). If the claim is denied, the plaintiff will have the opportunity to appeal that decision to the Board of Veterans Appeals, 38 U.S.C. § 5104, and then to the Court of Veterans Appeals, 38 U.S.C. §§ 7252, 7266(a). From there the decision is reviewable in the United States Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292. This Court does not have any jurisdiction over veteran benefit claims. *See Jackson v. United States,* 80 Fed.Cl. 560, 565–66 (2008). Accordingly, plaintiff's claim for veterans' benefits must be dismissed for lack of jurisdiction.

## III. CONCLUSION

For the foregoing reasons, the government's motion to dismiss plaintiff's constitutional claims and claim for veterans' benefits for lack of subject matter jurisdiction is **GRANTED.** The government's motion for judgment on the administrative record as to all of plaintiff's remaining claims is also **GRANTED.** The clerk is directed to enter judgment consistent with this opinion. No costs.

**IT IS SO ORDERED.**